UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEREK A. RIVERA,

    Petitioner,

v.         Case No. 2:18-CV-217

CONNIE HORTON,         HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S HABEAS PETITION

The matter before the Court is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Maarten Vermaat, who issued a Report and Recommendation (R & R), recommending that the Court deny Rivera's petition and deny a certificate of appealability. (ECF No. 12.) Rivera filed objections to the R & R. (ECF No. 13.)

Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and Rivera's habeas petition should be denied. The Court will address Rivera's objections in turn.

## General Objections

Rivera asserted five grounds of relief in his habeas petition. In his objections, Rivera restates all five claims but does not specify issues of contention on several of the grounds. The Court interprets the restatement of each ground as a general objection. A general objection that is not specific is not entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). Therefore, the Court will address only the objections that are identified in the "Reason for Granting Petition" section.

## Other Acts Evidence

Rivera objects to the magistrate judge's determination that it was not contrary to clearly established federal law for the state courts to allow the prosecutor to introduce other acts evidence at trial. The other acts evidence included testimony from two women regarding Rivera's history of violent assaults. The Michigan Court of Appeals concluded that the other acts evidence was properly admitted under the Michigan Rules of Evidence. (ECF No. 8-11 at PageID.313.)

The Supreme Court has addressed the admission of other acts evidence in the context of the Federal Rules of Evidence but not in the context of whether admission of other acts evidence could violate the Constitution. *See Old Chief v. United States*, 519 U.S. 172, 117 S. Ct. 644 (1997). As the magistrate judge correctly noted, the Sixth Circuit has found that "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Therefore, there being no clearly established federal law holding the admission of other acts evidence violates due process, Rivera is not entitled to habeas relief on this issue.

Rivera also argues that the admission of the other acts evidence made the trial fundamentally unfair. "When an evidentiary ruling is so egregious that it results in a denial of

2

fundamental fairness, it may violate due process and thus warrant habeas relief." *Id.* "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43, 116 S. Ct. 2013, 2017 (1996)).

In the instant case, the other acts evidence was permitted to show motive and intent. As the Michigan Court of Appeal explained,

> [T]he other acts evidence in question was logically relevant to these purposes. See *People v Crawford*, 458 Mich 376, 388; 582 NW2d 785 (1998). The jury was instructed on first-degree murder which requires a premediated intent to kill the victim that may be shown from all the facts and circumstances surrounding the killing, including the prior relationship of the parties, a preconceived motive, and a defendant's conduct after the crime. *People v Orr*, 275 Mich App 587, 591; 739 NW2d 385 (2007); *People v Taylor*, 275 Mich App 177, 180; 737 NW2d 790 (2007). In this context, defendant's violence toward Lewis and the accompanying threat—that if she ever spoke "a word" to the police "about what happened with [Alber] the same thing would happen to" her—belies the defense's theory that Alber's death was an accident and it is relevant to show defendant's intent. Likewise, Schmit's testimony about defendant's assault on her and Alber on a previous occasion provided evidence of defendant's motive for killing Alber—an explosive jealousy of the friendship between Schmit and Alber; and, this preconceived motive bears on whether defendant intended to kill Alber. See *Orr*, 275 Mich App at 592. In short, the evidence was logically relevant.

(ECF No. 8-11 at PageID.313.)

Having reviewed the record, the Court finds that Rivera has not met his burden of showing that the admission of the other acts evidence was erroneous or that it rendered his trial fundamentally unfair. Although the other acts "evidence may have been detrimental to [Rivera], . . . it had strong probative value and was not unfairly prejudicial." (*Id.* at PageID.314.) Several witnesses testified seeing Rivera hit the victim, and blood was found on Rivera's shoes. Rivera

3

admitted kicking the victim.[1] The defense argued that the victim died when he fell and hit his head on a cinder block. Rivera has not shown that the other acts evidence rendered his trial fundamentally unfair.

## Defense Expert's Report

Rivera also appears to object to the magistrate judge's determination that Rivera is not entitled to habeas relief based on the state court having required the defense expert to produce a report before trial. The magistrate judge determined that (1) whether the trial court complied with a state court rule is not cognizable on habeas review; (2) requiring an expert's report as a condition to the expert's testimony is not contrary to, or an unreasonable application of, clearly established federal law, and (3) the state court's harmless error analysis was objectively reasonable and, therefore, precludes habeas relief on this issue.

Rivera does not offer any specific objection other than his right to present a defense was violated. It is unclear why Rivera argues that his right to present a meaningful defense was violated. His expert witness produced a report and testified at trial. Rivera claims—without citing any specific testimony—that "the prosecution seized on the perceived inadequacies in the report to reject [the expert's] causation testimony in favor of the prosecution's report." (ECF No. 1 at PageID.8.) The state court determined that "[o]n this record, we fail to see how defendant was prejudiced by being required to produce a report, and we cannot conclude that defendant has shown plain error." (ECF No. 8-11 at PageID.315.) Requiring an expert's report as a condition to the expert's testimony is not contrary to, or an unreasonable application of, clearly established federal law. Furthermore, Rivera does not object to the magistrate judge's determination that the state court's harmless error analysis was objectively reasonable.

---

[1] Rivera disputes that he made this admission during the police interview. He claims that he was simply agreeing with the police officer's version of events.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Rivera has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Rivera's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Rivera's claims was debatable or wrong. Thus, the Court will deny Rivera a certificate of appealability.

### Conclusion

Having reviewed all of Rivera's objections and finding no basis for habeas relief,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 12) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Rivera's habeas corpus petition (ECF No. 1) is **DENIED** for the reasons set forth in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Rivera is **DENIED** a certificate of appealability.

A separate judgment will enter.

This case is **concluded**.

Dated: September 10, 2020                             /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                              UNITED STATES DISTRICT JUDGE